CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 29 2019
JULIA C. DUDLEY, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DAN OLIVER, | ) | Civil Action No. 7:18CV00525 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| YOUNG, | ) | By: Hon. Jackson L. Kiser |
| Defendant. | ) | Senior United States District Judge |

This matter comes before the court on Magistrate Judge Pamela M. Sargent's Report and Recommendation (the "R&R"), which recommends that this action be dismissed without prejudice pursuant to the three-strikes rule of 28 U.S.C. § 1915(g). ECF No. 18. Oliver timely filed his objections. ECF No. 23. For the reasons that follow, I will overrule Oliver's objections, adopt the R&R in its entirety, deny Oliver's pending motions, ECF Nos. 14, 27, and dismiss the complaint without prejudice, ECF No. 1.

## I. Background

On October 21, 2018, Oliver, an inmate at Wallens Ridge State Prison, filed a 42 U.S.C. § 1983 civil rights complaint alleging that the defendant had violated his Eighth Amendment rights because his cell mate threatened to fight and kill Oliver, the kitchen staff put something in his food to make him lose weight, and prison staff put dust, lint, and smelly odor in the air circulation vents.[1] As a result of the defendant's actions, Oliver claims to have suffered physical and

---

[1] Oliver raised other claims in his complaint, but the magistrate judge did not address them because they did not implicate physical injury. The claims regarded mail theft, verbal abuse by corrections officers, and fraudulent commissary orders. See Compl. 1-3.

1

emotional injuries. He seeks injunctive relief and damages and requests permission to proceed in forma pauperis ("IFP").

During initial screening, I determined that Oliver was a three-striker, and that his claims may implicate imminent danger. Order, ECF No. 3. I then referred the matter to the magistrate judge for an R&R on whether Oliver may proceed IFP. Id. Judge Sargent held a hearing and entered the R&R on November 28, 2018. In the R&R, Judge Sargent recommended that I deny the motion to proceed IFP and dismiss the action without prejudice because of Oliver's failure to pay the filing fee and his status as a vexatious litigant under the Three Strikes Rule. See R&R at 6. On December 14, 2018, Oliver timely filed objections to the R&R.

## II. Standard of Review

### A. R&R

In a report pursuant to 28 U.S.C. § 636(b), the magistrate judge makes only recommendations to the court. The recommendations have no presumptive weight, and responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo review of those portions of the report to which specific objection is made, and may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1). In the absence of specific objections to the report, the court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199-200 (4th Cir. 1983). Objections that only repeat arguments raised before a magistrate judge are considered general objections to the entirety of the report and recommendation, which has the same effect as a failure to object. Veney v. Astrue, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

## B. Three-Strikes Rule

The Prison Litigation Reform Act ("PLRA") restricts plaintiffs from proceeding IFP under the following conditions:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). To demonstrate imminent danger, a plaintiff must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Further, the plaintiff must show that the "conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past conduct." Id.

## III. Discussion

Oliver objects to the R&R's recommendation that I deny his motion to proceed IFP based on his status as a three-striker.[2] He first contends that he does not actually have three strikes. However, his argument is without merit.[3] He has three prior cases that were dismissed for failure to state a claim where he was specifically and repeatedly warned: "[T]his dismissal may affect [your] ability to proceed in forma pauperis in future civil actions." See Oliver v. Braxton, No. 1:01cv00121 (E.D. Va. March 30, 2001); Oliver v. Taylor, No. 1:01cv00221 (E.D. Va. March 30,

---

[2] Oliver lists several other objections related to claims that did not implicate imminent danger of serious physical injury under § 1915(g). I will not address the objections because they are irrelevant to the present inquiry.

[3] Oliver argues that several cases filed in 2003 were wrongly dismissed because he had properly alleged imminent danger. Oliver had already received three strikes by 2003. Therefore, the objection has no relevance as to whether Oliver is a vexatious litigant under § 1915(g).

3

2001); Oliver v. Braxton, No. 1:01-568 (E.D. Va. May 16, 2001). Therefore, his first objection is overruled.

In his second objection, Oliver reiterates his argument from the hearing that his cellmate, "Uzzle," put him in imminent danger of serious physical harm at the time he filed his complaint. Under the "Prison-Mailbox Rule," a prisoner's pleading is filed with the court as of the date that the prisoner placed the pleading in the prison system's outgoing mail to the court. See Houston v. Lack, 487 U.S. 266, 275 (1988). Oliver filed his complaint on October 21, 2018, when he placed it in the outgoing mail. Uzzle was removed from Oliver's cell on October 12. I agree with the magistrate judge that Oliver has not properly alleged that he was in imminent danger from Uzzle on the date he filed the complaint. Therefore, Oliver's second objection is overruled.

For Oliver's third and fourth objections, he merely repeats his arguments that the kitchen and prison staff are poisoning his food and ventilation system. I agree with the magistrate judge that his underlying allegations are conclusory and fail to state a claim upon which relief may be granted. Therefore, Oliver's third and fourth objections are overruled.

## IV.

Accordingly, I will overrule Oliver's objections, adopt the R&R in its entirety, deny Oliver's motion to proceed IFP, and dismiss the action without prejudice pursuant to § 1915(g). I will also dismiss Oliver's motion for injunctive relief and appointment of counsel, ECF No. 14, and his motion for an evidentiary hearing, ECF No. 27.

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 29th day of January, 2019.

/s/ Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE