CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAR 26 2019
JULIA C. DUDLEY, CLERK
BY: /s/ H McDaniel
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAN OLIVER,<br>    Plaintiff, | Civil Action No. 7:18CV00525 |
| v. | **OPINION & ORDER** |
| YOUNG,<br>    Defendant. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

On January 29, 2019, I dismissed Plaintiff's complaint without prejudice pursuant to the three-strikes rule of 28 U.S.C. § 1915(g). [ECF No. 33.] On February 19, 2019, Plaintiff filed a motion for reconsideration. [ECF No. 33.] For the reasons that follow, I deny the motion.

A court may amend or alter a judgment under Rule 59(e) "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchison v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). This standard is narrowly construed, as a Rule 59(e) motion is "'an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1993) (quoting 11 Wright et al., Federal Practice and Procedure § 2810.1, at 124 (2d ed. 1995)); *see Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977) ("Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.").

At the threshold, Plaintiff has not established an intervening change in controlling law or new evidence. Instead, Plaintiff asserts a clear error of law/manifest injustice. Specifically, that he was in imminent danger at the time he filed his complaint because, even though the inmate that threatened to kill him ("Uzzle") was no longer Plaintiff's cellmate, Uzzle was still in his pod.

However, even though Uzzle was still in the pod, Plaintiff's allegations[1] are simply not enough to find imminent danger. The remaining assertions in Plaintiff's motion are irrelevant or nonsense.

Accordingly, I Plaintiff's motion for reconsideration is hereby **DENIED**.

The Clerk is directed to send a copy of this memorandum opinion and accompanying order to the parties.

**ENTERED** this 26th day of March, 2019.

*Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] After being moved out of Plaintiff's cell, Uzzle "would (try) to come up behind me while going to chow hall or while in pod talking or playing chess." Pl.'s Mot. for Recons. 2.